## No. VII.

### CHARLES REECE v. JAMES SMITH.

*Appeal from Travis County.*

HUTCHINSON, JUSTICE.—The appellant, as administrator of Milton Hicks, sued the appellee to recover the amount of the bond of the latter to the intestate of August 7, 1839, for the payment on the first of December then next of "one thousand dollars—Texas money." Ver-

support a judgment when the trial is upon an agreed statement of facts. Henderson v. Samuels, 7 T. C. A., 351.

Note 10.—Board of Land Commissioners v. Reily, Assignee, p. 381.

Laws to detect fraudulent land certificates are constitutional. Johns v. Republic, Dal., 621; Hosner v. De Young, 1 T., 764; Peck v. Moody, 23 T., 93;

dict was given specially for the plaintiff, for $1000 in Texas money, with interest from December 1, 1839; that the jury believed it was the intention of the parties that Texas promissory notes should be received in payment, and at that time they were 33 1-3 cents in the dollar. The plaintiff moved for judgment for $1000, lawful money with interest; but the court rendered judgment on the verdict for $333 1-3 with interest and costs.

The cause is submitted. The only question that seems to have been made below is in regard to the force and effect of the bond as to the amount demandable upon its face. By the instrument, the obligor made but one stipulation, and that was to pay $1000 Texas money. The Republic has indeed a constitutional standard of money, but she has not yet established a mint, and has issued a vast amount of her bonds and notes to serve as a currency in the absence of the medium contemplated by the Constitution as lawful money. In common speech those bonds and notes are designated and meant by the terms *Texas money,* or Texas promissory notes, or some equivalent words. It was therefore properly left to the jury to find the value of such currency in par or lawful money. The court below should have instructed the jury as to the legal import of the bond; but as the jury in their verdict give it a proper interpretation, it was correctly left to them to find the value, or ratio of the value of the inferior money stipulated.

Instruments often contain primary and occasional stipulations. Thus if the bond had been to pay so much money without any qualification as to its kind, and then had contained a distinct clause in favor of the contractor, allowing him to pay in a currency other than lawful money, the effect of the instrument might deserve a more serious consideration— but that is not now before us.

The judgment below must be affirmed.

This cause coming on to be heard on the transcript of the record in the District Court of Travis County, and it being inspected, because it seems to the court here that there is no error therein, it is therefore considered by the court here that the judgment of the district court be in all things affirmed, and that the appellee recover of the appellant his costs in this behalf in this court expended. Let this judgment be certified below for execution.

*Affirmed.*

Sherwood v. Fleming, 25 T. Supp., 408; Durrett v. Crosby, 28 T., 687; League v. De Young, 11 How., 185. Act of November 29, 1871 (Gammel's Laws of Texas, vol. 7, p. 47), providing for survey and return of general land certificates, is constitutional. Snider v. I. & G. N. Ry. Co., 52 T., 306. A colonist was not entitled to a grant as head of a family, unless his family was resident in Texas. Land Commrs. v. Bell, Dal., 366; Land Commrs. v. Walling, Dal., 524; Republic v. Skidmore, Dal., 581; Langford v. Republic, Dal., 588; Republic v. Inglish, Dal., 608; Johns v. Republic, Dal., 621; Grooms v. State, 1 T., 568; Republic v. Skidmore, 2 T., 261; Tichnor v. State, 2 T., 269; Lewis v. Ames, 44 T., 319, 345; Lott v. King, 79 T., 292; Hill v. Moore, 85 T., 335; Byrn v. Kleas, 15 T. C. A., 205; Union Beef Co. v. Thurman, 70 Fed. Rep., 965. An unmarried colonist, under twenty-one years of age, was not entitled to a headright grant. Lockhart v. Republic, 2 T., 127. But it will be presumed from the fact that a headright certificate was granted by the proper